UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV55–EHJ

GERALDINE SPURLING                                                                                      PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Geraldine Spurling seeks supplemental security income benefits which were denied by the Commissioner. The matter was referred to United States Magistrate E. Robert Goebel, who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Findings of Fact, Conclusions of Law, and Recommendation of the magistrate should be adopted and the Decision of the Commissioner should be affirmed.

Ms. Spurling claims that she became disabled as a result of problems with her nerves, depression and alcoholism (Tr. 76, 83). After the hearing, Administrative Law Judge Donald Campbell ("ALJ") found that Ms. Spurling suffers from severe impairments including depression, social anxiety disorder, personality disorder, and a history of alcoholism and drug abuse, but that they do not meet or medically equal listed impairments (Tr. 43). Despite these impairments, Ms. Spurling was found to retain the residual functional capacity to perform her previous work as a house cleaner and food preparer (Tr. 43).

The Appeals Council granted plaintiff's request for review, vacated the ALJ's Decision, and remanded the case for further proceedings. On remand, the ALJ was to explain the weight he gave to the treating source opinion, to further develop the record regarding plaintiff's mental impairment and substance addiction, and to determine their impact upon her ability to work (Tr. 50-52). In the

second ALJ Decision, Ms. Spurling was found to suffer from Hepatitis C, disorders of the back (discogenic and degenerative), major depressive disorder (single episode), alcohol dependence, cannabis dependence, borderline intellectual functioning, and personality disorder, none of which meets or medically equals listed impairments (Tr. 20). Despite these physical and mental impairments, Ms. Spurling was found to retain the residual functional capacity to perform all of her prior work, absent substance abuse/dependence (Tr. 26).

The plaintiff has filed objections to the Magistrate's report. She claims that the ALJ erred in Findings 4 through 10: 4) her credibility; 5) the ALJ's consideration of all medical opinions of record; 6) claimant has no exertional limitations but due to substance abuse/dependence is seriously limited though not precluded from making judgments on simple work related decisions, interacting with the public and supervisors, responding appropriately to work pressures and changes in a usual work setting; 7) Absent substance abuse/dependence, the claimant retains the residual functional capacity to perform work at all levels of exertion, can understand, remember and carry out simple instructions, adapt to routine stress and relate in an adequate manner; 8) Absent substance abuse/dependence, claimant's past relevant work is not precluded; 9) the medical evidence establishes that the claimant would not be disabled if she stopped using alcohol; 10) claimant is not under a disability.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's proposed Findings of Fact, Conclusions of Law and Recommendation in its entirety.

A Judgment in conformity has this day entered.